UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**<br><br>**Plaintiff**<br><br>vs.<br><br><br>**David M. Yeaton**<br><br><br><br><br><br>**Defendant**<br>**PNC Bank, National Association, successor by merger with National City Bank**<br>**Party-In-Interest** | **CIVIL ACTION NO:**<br><br><br>**COMPLAINT**<br><br>RE:<br>**370 Elm Street, Mechanic Falls, ME 04256**<br><br>Mortgage:<br>**May 31, 2007**<br>**Book 7158, Page 174**<br>**Androscoggin County Registry of Deeds** |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, David M. Yeaton, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, David M. Yeaton, is the obligor and the total amount owed under the terms of the Note is Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a National Association with its principal/main place of business located at 1011 Centre Road, Wilmington, DE.

5. The Defendant, David M. Yeaton, is a resident of Mechanic Falls, County of Androscoggin and State of Maine.

6. The de minimis Party-in-Interest, PNC Bank, National Association, successor by merger with National City Bank, is located at 222 Delaware Ave, Wilmington, DE 19801.

## FACTS

7. On December 3, 2004, by virtue of a Warranty Deed from David Leroy Yeaton and Wanita Susie Yeaton, which is recorded in the Androscoggin County Registry of Deeds in **Book 6170, Page 32**, the property situated at 370 Elm Street, City/Town of Mechanic Falls, County of Androscoggin, and State of Maine, was conveyed to David M. Yeaton, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On May 31, 2007, Defendant, David M. Yeaton, executed and delivered to American Brokers Conduit a certain Note under seal in the amount of $135,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on May 31, 2007, Defendant, David M. Yeaton, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for American Brokers Conduit, securing the property located at 370 Elm Street, Mechanic Falls, ME 04256 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7158**, **Page 174**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A. successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated April 3, 2012, and recorded in the Androscoggin County Registry of Deeds in **Book 8376**, **Page 33,** however, the aforesaid assignment is arguably ineffective under *Greenleaf*. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 13, 2012, and recorded in the Androscoggin

County Registry of Deeds in **Book 8517**, **Page 110**, however, the aforesaid assignment is arguably ineffective under *Greenleaf*. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated January 24, 2017, and recorded in the Androscoggin County Registry of Deeds in **Book 9543**, **Page 63**, however, the aforesaid assignment is arguably ineffective under *Greenleaf*. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated August 26, 2024, and recorded in the Androscoggin County Registry of Deeds in **Book 11653**, **Page 301**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On January 24, 2025, the Defendant, David M. Yeaton, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, David M. Yeaton, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, David M. Yeaton, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. PNC Bank, National Association, successor by merger with National City Bank is a de minimis Party-in-Interest pursuant to a Mortgage in the amount of $34,000.00 dated June 13, 2007, and recorded in the Androscoggin County Registry of Deeds in **Book 7169**, **Page 11** because, upon information and belief, this is solely an *in rem* proceeding and there will be no equity available for the Party-In-Interest and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of February 28, 2025, is Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $136,914.71 |
| Interest | $65,283.91 |
| Late Fees | $57.22 |
| Escrow Advance | $45,922.55 |
| Recoverable Corporate Advance Balance | $29,142.99 |
| Grand Total | $277,321.38 |

22. Upon information and belief, the Defendant, David M. Yeaton, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 370 Elm Street, Mechanic Falls, County of Androscoggin, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, David M. Yeaton, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of February 28, 2025, is Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars.

29. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, David M. Yeaton's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, David M. Yeaton, on January 24, 2025, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendant, David M. Yeaton, is not in the Military as evidenced by the attached Exhibit I.

33. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On May 31, 2007, the Defendant, David M. Yeaton, executed under seal and delivered to American Brokers Conduit a certain Note in the amount of $135,000.00. *See* Exhibit B.

36. The Defendant, David M. Yeaton, is in default for failure to properly tender the May 1, 2013, payment and all subsequent payments. *See* Exhibit H.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David M. Yeaton.

38. The Defendant, David M. Yeaton, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

39. The Defendant, David M. Yeaton's, breach is knowing, willful, and continuing.

40. The Defendant, David M. Yeaton's, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of February 28, 2025, if no payments are made, is Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars.

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

43. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, David M. Yeaton, entered into a written contract with American Brokers Conduit who agreed to loan the amount of $135,000.00 to the Defendant.  *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, David M. Yeaton, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to American Brokers Conduit and has performed its obligations under the Note and Mortgage.

48. The Defendant, David M. Yeaton, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2013, payment and all subsequent payments.  *See* Exhibit H.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David M. Yeaton.

50. The Defendant, David M. Yeaton, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, David M. Yeaton, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

52. Defendant, David M. Yeaton's, breach is knowing, willful, and continuing.

53. Defendant, David M. Yeaton's, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of February 28, 2025, if no payments are made, is Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38) Dollars.

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

56. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. American Brokers Conduit, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, David M. Yeaton, $135,000.00. *See* Exhibit B.

59. The Defendant, David M. Yeaton, has failed to repay the loan obligation.

60. As a result, the Defendant, David M. Yeaton, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to American Brokers Conduit by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

62. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Party-In-Interest lien that might appear in this action;

c) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

d) Find that the Defendant, David M. Yeaton, is in breach of the Note by failing to make payment due as of May 1, 2013, and all subsequent payments;

e) Find that the Defendant, David M. Yeaton, is in breach of the Mortgage by failing to make payment due as of May 1, 2013, and all subsequent payments;

f) Find that the Defendant, David M. Yeaton, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, David M. Yeaton, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2013, and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, David M. Yeaton has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

k) Find that the Defendant, David M. Yeaton, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

l) Find that the Defendant, David M. Yeaton, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, David M. Yeaton, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, David M. Yeaton;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, David M. Yeaton, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Twenty-One and 38/100 ($277,321.38 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank Trust, N.A., as Trustee for LSF9
        Master Participation Trust,
        By its attorneys,

Dated: March 17, 2025

        /s/Reneau J. Longoria, Esq.
        Reneau J. Longoria, Esq. Bar No. 005746
        Attorney for Plaintiff
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 303C
        Beverly, MA 01915
        (978) 921-2670
        RJL@dgandl.com